United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY W. BROOKS II, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-2683 |
| § | |
| HARRIS COUNTY JAIL § | |
| and § | |
| KIM OGG § | |
| and § | |
| DISTRICT COURT, § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

Gregory W. Brooks II, an inmate incarcerated at the Harris County jail, has filed a prisoner civil rights complaint. Brooks has not paid the filing fee. This action will be dismissed pursuant to the provisions of 28 U.S.C. § 1915(g).

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals which was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Brooks accumulated at least 11 such dismissals before filing the pending complaint and is no longer allowed to proceed *in forma pauperis* pursuant to the provisions of section 1915(g). See *Brooks v. Harris Centers Jail Diversion Program*, 4:20-cv-387 (S.D. Tex. July 7, 2020); *Brooks v. Harris County Jail*, 4:20-cv-723 (S.D. Tex. Mar. 2, 2020); *Brooks v. Harris County Jail*, 4:20-cv-67 (S.D. Tex. Feb. 28, 2020); *Brooks v. U.S. Courthouse and Harris County Jail*, 4:20-cv-613 (S.D. Tex. Feb. 24, 2020); *Brooks v. District Attorney's Ofc.*, 4:20-cv-605, (S.D. Tex. Feb. 24, 2020); *Brooks v. State Comm'n of*

*Judicial Conduct*, 4:20-cv-543 (S.D. Tex. Feb. 20, 2020); *Brooks v. Houston Police Dep't*, 4:19-cv-5011 (S.D. Tex. Feb. 19, 2020); *Brooks v. Jail Diversion Program*, 4:20-cv-70 (S.D. Tex. Jan. 16, 2020); *Brooks v. Harris County Jail*, 4:18-cv-2076 (S.D. Tex. July 16, 2018); *Brooks v. Harris County Jail*, 4:18-cv-1408 (S.D. Tex. May 7, 2018); *Brooks v. Harris County Jail* 4:18-cv-1219 (S.D. Tex. Apr. 23, 2018); ).  Brooks makes conclusory allegations that he is in imminent danger pf physical harm because of his sex offender status and due to Covid-19, but he does not plead any facts showing that he is in any immediate danger which would warrant waiver of the fee requirement  *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

In light of the pleadings and his litigation history, Brooks has failed to show that he is eligible to proceed as a pauper and has also failed to assert a claim that has any legal basis. Consequently, this action should be dismissed pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e).  This dismissal shall count as a strike under section 1915(g).

The court ORDERS that the Prisoner Civil Rights Complaint (Doc. # 1), filed by Harris County inmate Gregory W. Brooks II is DISMISSED.  28 U.S.C. § 1915(g); 28 U.S.C. § 1915(e).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and, and to the three strikes coordinator for this district, Three_Strikes@txs.uscourts.gov.

It is so ORDERED.

SIGNED on this 5th day of August, 2020.

Kenneth M. Hoyt
United States District Judge